UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JENNIFER ANN H.,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 1:25-cv-00184-AKB-REP

**MEMORANDUM DECISION AND
ORDER ADOPTING REPORT AND
RECOMMENDATION**

Pending before the Court is Plaintiff's Petition for Review of the Commissioner of Social Security's denial of Disability Insurance Benefits (Dkt. 1). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented and that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons explained below, the Court adopts the Report and Recommendation of the United States Magistrate Court (Dkt. 20), overrules Plaintiff's objections (Dkt. 21), and affirms the ALJ's decision.

## I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits on February 10, 2022, originally alleging disability beginning March 20, 2020 (Dkt. 20 at 1). She has past relevant work as a nurse practitioner and faculty member (*id.* at 5). The ALJ found two severe impairments and determined that none of them, singly or in combination, met or equaled a listed impairment (*id.* at 4–5).

The ALJ assessed a residual functional capacity (RFC) for medium work with postural, and environmental restrictions (Dkt. 10 at 25–26). The ALJ concluded that because Plaintiff could

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 1**

perform past relevant work as a nurse practitioner and faculty member, she was not disabled (Dkt. 20 at 5). The ALJ ultimately concluded that Plaintiff was not disabled from March 20, 2020, through March 12, 2024—the date of the decision (*id.* at 1–2).

After the Appeals Council denied review (Dkt. 1-1 at 2), Plaintiff sought judicial review in this Court on March 31, 2025 (Dkt. 1). The case was referred to the Magistrate Court, who issued a Report and Recommendation (R&R) on March 4, 2026, recommending the ALJ's decision be affirmed (Dkt. 20). Plaintiff filed objections on March 16 (Dkt. 21), and the Commissioner responded on March 18 (Dkt. 22).

## II.    OBJECTIONS

Plaintiff raises three objections to the R&R. First, she challenges the Magistrate Court's conclusion that the ALJ performed an adequate listing equivalency analysis of her vision impairment at step three (Dkt. 21 at 2). Second, Plaintiff disputes the Magistrate Court's determination that the ALJ sufficiently considered James G. Howard, M.D's letter in evaluating equivalency (*id.* at 4). Third, Plaintiff objects to the Magistrate Court's finding that the ALJ's step-four analysis properly concluded that she could perform her past relevant work as generally performed (*id.* at 5).

## III.    LEGAL STANDARD

The Court reviews de novo the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1). The ALJ's decision must be upheld if supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational

interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## IV.    ANALYSIS

### A.    Medical Equivalency

Plaintiff objects to the Magistrate Court's finding that the ALJ conducted a sufficient listing equivalency analysis of Plaintiff's vision impairment at step three (Dkt. 21 at 2). Although Plaintiff admits to not having strictly met the requirements of Listing 2.02, she contends that the ALJ failed to adequately explain his evaluation of alternative tests and the combined effects of the impairment (*id.* at 3–4). She maintains that the "evidence of rapid decline in [her] vision" without correction coupled with "significant vision strain symptoms" demonstrates an "impairment equivalent to that outlined in Listing 2.02" (*id.* at 4).

As Plaintiff admits she does not meet the single criteria of Listing 2.02—that "remaining vision in the better eye after best correction is 20/200 or less"—the Court limits its analysis to Plaintiff's argument that her vision impairment medically equaled Listing 2.02. The Report correctly notes that the ALJ is not required to articulate specific evidence to support a finding that an individual's impairment does not medically equal a listed impairment (Dkt. 20 at 7). Indeed, "a statement that the individual's impairment[] does not medically equal a listed impairment constitutes sufficient articulation for this finding" (*id.*) (quoting SSR 17-2P, 2017 WL 3928306, at *4). The ALJ's articulation of why the individual "is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step [three]" (*id.*) (quoting SSR 17-2P, 2017 WL 3928306, at *4).

As noted by the Magistrate Court, the ALJ did exactly that. The ALJ concluded that Plaintiff "[did] not have an impairment or combination of impairments that meets or medically

equals the severity" of a listed impairment (Dkt. 10 at 25). During step four, the ALJ acknowledged Plaintiff's testimony "that her right eye [was] strained due to overcompensating for vision loss in the left eye" and that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but found that her "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the ALJ's] decision" (*id.* at 26).

The ALJ compared objective medical evidence from Drs. Gideon Bender, O.D., Donraphael Wynn, M.D., and James G. Howard, M.D. (*id.* at 26–27). The ALJ then considered medical opinion evidence from Michael Spackman, M.D., M.S., finding his opinion not entirely persuasive because it was inconsistent with the longitudinal record and did not provide Plaintiff with the appropriate restrictions (*id.* at 27–28). He also evaluated the two prior administrative medical findings, which he found unpersuasive because both concluded that Plaintiff had no severe medically determinable impairments (*id.* at 28). Finally, the ALJ considered the opinions of Plaintiff's primary care provider, Jenna Rovig, NP-C, and her supervisor, Dr. John Wick, M.D., which the ALJ found not persuasive "as it [was] inconsistent with the totality of the medical evidence" (*id.*).

Contrary to Plaintiff's assertions, the ALJ contemplated her worsening vision in both eyes, but noted that "visual acuity testing with pinhole showed significant improvement in both eyes, which often indicates the presence of an uncorrected refractive error," which the ALJ found was "inconsistent with an opinion that the claimant cannot read documents, perform computer work, or do detailed work" (*id.*). The ALJ also indicated that "[Plaintiff's] own testimony suggests that treatment options to correct this problem[] have not been exhausted" (*id.*). The Court finds that the ALJ's thorough articulation of why Plaintiff is not disabled at step four provided sufficient

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 4**

rationale for the Court to determine the basis for the finding about medical equivalence at step three. The Court, therefore, overrules Plaintiff's first objection.

**B.      Consideration of Howard's Letter**

Plaintiff next objects to the Magistrate Court's recommended finding that the ALJ provided sufficient consideration of Howard's letter as it relates to the equivalency discussion (Dkt. 21 at 4). Plaintiff argues the ALJ did not address the inconsistency between Howard's finding that Plaintiff had a 300-point decline in vision in just eight months versus a similar decline across the two years prior to August 2022 (Dkt. 21 at 5). Plaintiff accuses the ALJ of assuming that because there was no corrected vision measurement in Howard's letter, Plaintiff's corrected vision had not changed significantly from prior measurements (*id.* at 4).

To the contrary, there is no indication that the ALJ made such an assumption. Rather, the ALJ explicitly stated that the requirements of Listing 2.02 were not met because "[Plaintiff's] uncorrected vision in the better eye is more than 20/200 and has been for the entire period at issue" (Dkt. 10 at 25). Plaintiff does not appear to dispute the ALJ's finding, but argues the ALJ's failure to address "the significant evidence relating to the equivalence of Plaintiff's severe and rapid vision decline to the listing" is error.

The Court disagrees. As stated above, the ALJ considered Howard's opinion and his report that Plaintiff's visual acuity was 20/100 in the right eye and 20/800 in the left (Dkt. 10 at 27). Howard reported that Plaintiff's visual acuity significantly improved with pinhole testing, potentially indicating the presence of an uncorrected refractive error (*id.*). The ALJ even considered Howard's letter when evaluating other medical evidence (*see id.* at 28) (rejecting Rovig and Wick's opinion that Plaintiff is totally blind in light of Howard's findings regarding her uncorrected vision and improvement with pinhole testing). The ALJ afforded appropriate

consideration of Howard's letter in evaluating equivalency. Accordingly, the Court overrules Plaintiff's second objection.

### C.     Past Relevant Work

Finally, Plaintiff objects to the Magistrate Court's finding that the ALJ's step four analysis properly found that Plaintiff could engage in her past relevant work as generally performed (Dkt. 21 at 5). Specifically, she faults the Magistrate Court for not considering the requirements of the different exertional levels as they relate to her vision impairment (*id.*). Plaintiff argues that her past work requires significant visual tasks—reading, writing, typing, handling small objects— which are "Plaintiff's most demanding work duties" (*id.* at 6). Thus, Plaintiff contends the ALJ erred by characterizing her past work according to the least demanding aspect of the job.

As noted by the Magistrate Court, the ALJ provided a DOT code for each job, and classified each at a "light exertional level as generally performed; heavy exertional level as actually performed." (Dkt. 10 at 29). The ALJ assessed an RFC for medium work with postural and environmental restrictions (*id.* at 25–26). Based on this RFC, the ALJ found that Plaintiff's past work did not require the performance of work-related activities precluded by her RFC (*id.* at 29).

According to Plaintiff, "the DOT defines the job duties of a generic nurse practitioner and faculty member as having significant duties involving vision stability," which "are not directly covered by the exertional level definitions" (Dkt. 21 at 6). The Magistrate Court already rejected this assertion, explaining that "Plaintiff essentially asks the Court to substitute its judgment as to Plaintiff's visual impairment for that of the ALJ; the Court declines to do so" (Dkt. 20 at 16). The Court agrees.

As the Magistrate Court explained, "[w]hen evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." *Batson*, 359 F.3d at 1196. Here, the ALJ assessed an RFC that limited Plaintiff to medium

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 6**

work with postural and environmental restrictions, but did not include any visual limitations (Dkt. 10 at 25–26). Accordingly, in determining at step four whether Plaintiff could perform her past relevant work as generally performed, the ALJ properly compared the demands of that work against the limitations actually contained in the RFC. Because no visual restriction was assessed, the ALJ did not err by declining to treat reading, writing, typing, and handling small objects as work-related activities precluded by the RFC. To the extent Plaintiff contends that her visual impairment should have resulted in additional limitations, the Court has already rejected that argument above. On this record, substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work as generally performed, and therefore the Court overrules Plaintiff's final objection.

## V.    CONCLUSION

Having conducted a de novo review, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error. The Magistrate Court's Report and Recommendation (Dkt. 20) is adopted in full.

## VI.    ORDER

**IT IS ORDERED**:

1. Plaintiff's Objections (Dkt. 21) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 20) is **ADOPTED**.

3. The ALJ's decision denying benefits is **AFFIRMED**.

4. This action is **DISMISSED** in its entirety with prejudice.

DATED: May 04, 2026

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION – 7**